UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KORREN AND LOYD SAUNDERS, h/w<br><br>Plaintiff<br><br>vs.<br><br>FOCUS RECEIVABLES MANAGEMENT, LLC<br><br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Korren and Loyd Saunders, h/w, by and through their undersigned counsel, Chiri Rutledge, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Korren and Loyd Saunders, h/w are adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an address in this District.

## III. PARTIES

4. Plaintiffs, Korren and Loyd Saunders, h/w, are adult natural persons residing at 141 North Utica Ave, Lubbock, TX 79416. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Focus Receivables Management, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the Texas and Georgia with an address of 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around November 2010, Plaintiffs began receiving phone calls from Defendant regarding an alleged debt owed to Wells Fargo in the approximate amount of $2,900.00.

8. Defendant initially began contacting Plaintiffs on Plaintiffs respective cell phones.

9. The Plaintiff, Loyd, eventually blocked incoming phone calls from Defendant's number to his cell phone.

10. Defendant has since began contacting the Plaintiff, Loyd at his place of employment and does so three to four times a day.

11. Defendant's agents are very vague and refuse to give Plaintiffs any information regarding the alleged debt other than to whom the debt was originally owed.

12. During one conversation the Plaintiff, Loyd had with an agent of Defendant, the agent would only tell the Plaintiff, Loyd that Defendant "bought the note from Wells Fargo" and that Plaintiffs needed to pay.

13. Defendant's agents refused to specify for what Wells Fargo account Defendant was collecting and would not give Plaintiffs an account number regarding the alleged account.

14. Plaintiffs have continuously asked Defendant to send information through the mail regarding the alleged debt but Defendant's agents refuse to do so telling Plaintiffs that Defendant "does not need to send anything."

15. Plaintiffs have never received any written correspondence from Defendant.

16. The Plaintiff, Loyd has relentlessly told Defendant not to call the Plaintiff, Loyd's place of employment for if the phone calls continue, the Plaintiff, Loyd's job may be at risk.

17. Defendant's agent responded to the aforementioned request by telling the Plaintiff, Loyd that the Plaintiff, Loyd cannot be fired since it is a family owned business and that Defendant will continue to call.

18. The Plaintiff, Loyd is not the only employee who answers incoming phone calls at his place of employment and other co-workers have answered when Defendants information showed up on the caller ID.

19. Defendant has failed to state the mini-Miranda when speaking with Plaintiffs.

20. Defendant's agents are rude when Plaintiffs ask for more information regarding the alleged debt. One agent continued to repeat over the Plaintiff, Korren, "it's a debt that you owe!!"

21. Defendant's messages are very unprofessional stating that the Plaintiffs need to call back "right away."

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

23. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and

mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communications |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | |
|---|---|
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11): | Communication fail to contain the mini-Miranda warning |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, Focus Receivables Management, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**Date: January 21, 2011**          **BY: /s/ *Chiri Rutledge*___**
                                     Chiri Rutledge, Esquire

                                     3915 Cascade Road
                                     Suite T138
                                     Atlanta, GA 30331

                                     Attorney for Plaintiff